UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR22-209 JCC |
| Plaintiff, | ) | |
| v. | ) | DETENTION ORDER |
| TRENT THOMAS JESMER, | ) | |
| Defendant. | ) | |

OFFENSES CHARGED

Count 1- Possession of Controlled Substance (fentanyl) with Intent to Distribute

Count 2 – Unlawful Possession of a Firearm

Count 3 - Possession of a Firearm in Furtherance of a Drug Trafficking Crime

Date of Detention Hearing: July 10, 2023

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set

DETENTION ORDER
PAGE -1

forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the safety of other persons and the community and defendant's appearances as required in this case.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) The charges in counts 1 and 2 of the Indictment each give rise to a rebuttable presumption of detention. While defendant has presented evidence to rebut the presumption, the court is nevertheless entitled to consider the presumption in deciding the issue.

(2) Defendant has a lengthy record of serious offenses, many of which have involved trafficking in controlled substances. The current charges include his involvement with fentanyl, an extremely dangerous drug.

(3) For many years, defendant has been a regular user of a range of controlled substances. He reported he last used methamphetamine and fentanyl the day before his arrest on these charges.

(4) On multiple occasions, defendant has violated conditions of pretrial release and conditions of supervised release. His record also includes multiple failures to appear as required.

(5) On one occasion, defendant was admitted to this court's DREAM program; but then failed to comply with its conditions and was removed from the program.

(6) He has had an unstable residential history. His parents have offered to have him return to reside at their home in Monroe, conditioned upon his following strict

conditions. But he has not lived there for 3-4 years, and there is no reason to believe he would comply with those conditions.

(7) Defendant, though his counsel, presented evidence that his employer is willing to have him return to employment; and argued that there were significant weaknesses in the strength of the government's evidence tying defendant's fingerprints to the weapons and ammunition involved in the charges. Counsel also emphasized the need for defendant to participate in a drug treatment program, and to receive medications prescribed for him. But given the evidence of defendant's long and consistent conduct, these showings fall far short of demonstrating are were conditions of release which would reasonably assure he would make his appearances as required, and not pose a danger.

It is therefore ORDERED:

1, Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant shall be afforded reasonable opportunity for private consultation with counsel;

3, On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding;

4. The Clerk shall direct copies of this Order to counsel for the United States, to

counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 10th day of July, 2023.

John L. Weinberg
United States Magistrate Judge